UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br>    Plaintiff,<br><br>    v.<br><br>ARLENE PETERSON, et al.,<br>    Defendants. | Case No. 16-cv-00792-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 15, 20 |

Before the Court is Defendant Jeffrey L. Bornstein's Motion to Dismiss, ECF No. 20, as well as Defendants Arlene Peterson, Douglas Losak, Frank Zotter, and Myron Sawicki's Motion to Dismiss, ECF No. 15. The Court will grant both motions without leave to amend.

## I. BACKGROUND

On February 17, 2016, Plaintiff Michael Dunn, proceeding pro se, filed a Complaint "for pervasive constitutional due process violations and ineffective assistance of counsel and lying prosecutor." ECF No. 1 The Complaint names as defendants several Mendocino County employees, including Arlene Peterson, Douglas Losak, Frank Zotter, and Myron Sawicki (collectively, the "Mendocino County defendants"). Id. at 1–2. The Complaint also names as defendants Jeffrey Bornstein, former Assistant United States Attorney for the Northern District of California, as well as Melinda Haag, former United States Attorney for the Northern District of California. Id. at 2.

Although the allegations in the Complaint are difficult to decipher, the thrust of Plaintiff's Complaint appears to take issue with Defendant Bornstein's conduct in 1993 when Defendant Bornstein represented the United States in the criminal prosecution of Plaintiff for cultivation of marijuana, as well as other charges. See, e.g., id. at 6 ("Jeffrey Bornstein should have moved to dismiss Plaintiff['s] 93 conviction . . . ."); id. at 8 ("Jeffrey Bornstein should have eaten crow and

moved to dismiss charges."); id. at 10 (claiming that Plaintiff's 1993 conviction "should have been dismissed by motion of Jeffrey Bornstein as evidence [was] suppressed."). Plaintiff also claims that the various Mendocino County defendants unlawfully seized property from him when he was arrested on charges that eventually led to his 1993 conviction. See, e.g., id. at 10 ("Arlene Peterson . . . tried to coerce Plaintiff into giving up right to redress by refusing to return a seized generator in good shape as required by law."); id. ("Douglas Losak acted to coerce Plaintiff into giving up right of redress."); id. at 3, 10("Frank Zotter concealed existence of Honda generator," which "had been in the property room since [1993]"); id. at 4 (the generator "should have been returned as [of] [January] 2000"). Finally, Plaintiff asserts that "Melinda Haag ignored Plaintiff['s] request for status of FOIA which had been thrown away." Id.

On May 12, 2016, the Mendocino County defendants filed a Motion to Dismiss. ECF No. 15. On May 16, 2016, Defendant Jeffrey Bornstein filed a Motion to Dismiss. ECF No. 20. The case was reassigned to the undersigned on May 18, 2016. ECF No. 28.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this standard is not a probability requirement, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). In determining whether a plaintiff has met this plausibility standard, the Court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III. DISCUSSION

Defendants move to dismiss the Complaint on several grounds, including prosecutorial immunity, qualified immunity, statute of limitations, and claim preclusion. ECF Nos. 15, 20. Because the Court concludes that all of Plaintiff's claims are barred by the statute of limitations, the Court will address that argument only.

Although the Complaint does not explicitly state a cause of action, Plaintiff's claims against the Mendocino County defendants appear to arise under 42 U.S.C. § 1983, while his claims against Jeffrey Bornstein appear to arise under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Kashani v. Svetcov, No. 00-cv-4449 SI, 2001 WL 210479, at *1 (N.D. Cal. Feb. 20, 2001) ("A *Bivens* action is the appropriate mechanism to sue an alleged federal actor who has violated one's civil rights."); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under [42 U.S.C.] § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."). "[F]ederal courts apply the forum state's personal injury statute of limitations for section 1983 claims." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Similarly, the forum state's "personal injury statute of limitations properly applies to *Bivens* claims." Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991).

In California, the statute of limitations for personal injury claims is two years. Cal. Civ. Code § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Accordingly, the applicable statute of limitations for Plaintiff's section 1983 and *Bivens* claims is two years. While the Court must apply California's two year statute of limitation for Plaintiff's section 1983 and *Bivens* claims, federal law "determines when a civil rights claim accrues." Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id.

Defendant Jeffrey Bornstein argues that "[t]he two-year limitations period ran out long ago" because "[t]he Complaint alleges acts by Mr. Bornstein in 1993 and no allegations against Mr. Bornstein after 1993." ECF No. 20 at 9; ECF No. 1 at 6 (alleging that "Jeffrey Bornstein should have moved to dismiss Plaintiff[']s 93 conviction . . . ."). Similarly, the Mendocino County defendants assert that "any arguable statute of limitations long ago passed." ECF No. 15

at 7; ECF No. 1. at 4 (alleging that the generator "should have been returned as [of] [January] 2000"). Plaintiff has failed to file an Opposition brief to either Motion to Dismiss, let alone set forth any argument why his claims premised on conduct that occurred over 20 years ago are not barred by the two year statute of limitations. After reviewing Plaintiff's Complaint, the Court concludes that each of Plaintiff's claims against the Mendocino County defendants and Defendant Bornstein are time-barred. Accordingly, the Court grants both motions to dismiss.

## CONCLUSION

The Court grants the Mendocino County defendants' Motion to Dismiss, ECF No. 15, as well as Defendant Bornstein's Motion to Dismiss, ECF No. 20. The Court concludes that permitting amendment would be futile because Plaintiff's claims have been time-barred for nearly twenty years already and Plaintiff has failed to suggest any way in which his Complaint might be amended so as to remedy this failure. Accordingly, the Court grants Defendants' motions without leave to amend. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").[1]

IT IS SO ORDERED.

Dated: August 22, 2016

_____
JON S. TIGAR
United States District Judge

---

[1] The Court notes that the sole remaining defendant, Melinda Haag, has not been served. See ECF No. 12 (Summons returned unexecuted). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As it has now been nearly 6 months since the complaint was filed, the Court orders Plaintiff to serve Defendant Haag within 30 days of the filing date of this order. Failure to do so will result in dismissal of this action in its entirety.