UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br><br>        Plaintiff,<br><br>    v.<br><br>MELINDA HAAG,<br><br>        Defendant. | Case No. 16-cv-00792-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>RE: ECF NO. 66 |

Before the Court is Defendant Melinda Haag's Motion to Dismiss for failure to state a claim upon which relief can be granted, or in the alternative, for lack of subject matter jurisdiction. ECF No. 66. The Court grants the motion without leave to amend.

I.     **BACKGROUND**

On February 17, 2016, Plaintiff Michael Dunn, proceeding pro se, filed a Complaint "for pervasive constitutional due process violations and ineffective assistance of counsel and lying prosecutor." ECF No. 1. The Complaint names Melinda Haag, a former United States Attorney for the Northern District of California, as a defendant. Id. at 2. Several other defendants named in the initial complaint have been dismissed.[1] Although the allegations in the Complaint are at times difficult to follow, Plaintiff's complaint against Defendant Haag appears to be for mishandling his request under the Freedom of Information Act ("FOIA"). Id. at 5.

Plaintiff filed a FOIA request with the United States Attorney for the Northern District of California, which that office received on November 20, 2014. ECF No. 1 at 5, Ex. G. Defendant Haag, acting in her capacity as an employee for the United States Attorney, sent Plaintiff a letter

---

[1] See ECF No. 52 (Dunn v. Peterson, Case No. 16-cv-00792-JST, 4427213 WL 2016, at *2 (N.D. Cal. Aug. 22, 2016)). Plaintiff filed an appeal as to those defendants on September 26, 2016.

on February 6, 2015, acknowledging the receipt of his request and informing Plaintiff that the request had been forwarded to the United States Department of Justice, Freedom of Information/Privacy Act Unit in Washington, D.C. "for official processing." Id.[2] On April 22, 2015, the Executive Office for United States Attorneys sent Plaintiff a letter acknowledging receipt of his FOIA request on April 2, 2015 and explained how it would be processed. ECF No. 1-1 at 16. The letter explained that most FOIA requests are processed within one month, or twenty working days. Id.

On or about September 1, 2015, Plaintiff received an update from the Executive Office for United States Attorneys indicating that it was "awaiting a response from the local U.S. Attorney's Office." ECF No. 1-1 at 17, Ex. J. On or about December 3, 2015, Plaintiff received a final response to his FOIA request indicating that all of the records he sought were "being made available to" him. Id. at 18, Ex. K.

Plaintiff alleges that the United States Attorney's office had "thrown away" his FOIA request and that Defendant Haag had treated his inquiry "with disdain." ECF No. 1 at 5. Plaintiff alleged that he made a FOIA inquiry with her on August 4, 2015 and "it took 8 months to get my FOIA replied to and only hours to get the information as response dated 12/3/15 revealed feds had kept none of guns." ECF No. 1 at 5.

On November 18, 2016, Defendant Haag filed a Motion to Dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, which motion the Court now considers. ECF No. 66. Plaintiff did not file an opposition to the Motion to Dismiss. ECF No. 70.

## II.     LEGAL STANDARD

### A.     Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to

---

[2] Defendant explains that a prior acknowledgement letter sent to Plaintiff was returned. ECF No. 66 at 3 (citing ECF No. 1, Ex. G).

2

relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In determining whether a plaintiff has met this plausibility standard, the Court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### B.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). In resolving a facial attack, the court assumes that the allegations are true and draws all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted).

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court need not presume the truthfulness of the plaintiff's allegations. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air, 373 F.3d at 1039 (citations omitted).

## III.  DISCUSSION

### A.  Plaintiff's Claim Against Defendant Haag

Defendant Haag correctly argues that the Court lacks jurisdiction over Plaintiff's claim against her under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), because FOIA only confers jurisdiction on claims against federal "agencies," see 5 U.S.C. § 552(a)(4)(B), and not

natural persons such as Haag. See Bay Area Lawyers Alliance for Nuclear Arms Control v. Department of State, 818 F. Supp. 1291, 1294 (N.D. Cal. 1992) ("[O]nly agencies are proper parties to FOIA actions."). Defendant Haag was acting in her capacity as an employee for the United States Attorney and, therefore, is not a proper party for suit pursuant to FOIA. The Court therefore grants the motion as to Defendant Haag and dismisses her as a defendant.

### B. Claim Against the United States Attorney

When plaintiffs appear *pro se*, the Court must construe their pleadings liberally. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). A *pro se* complaint will be dismissed only if it appears "beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pena v. Gardner, 967 F.2d 469, 471 (9th Cir.1992) (internal citations omitted); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.2010) (*quoting* Bretz v. Kelman, 773 F.2d 1026, 1027, n.1 (9th Cir.1985) (en banc)) ("our 'obligation' remains, 'where the petitioner is *pro se* ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"). However, the Court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982); see also Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.1995) (per curiam) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure").

The Court will construe the Complaint as against the United States Attorney, rather than Haag, because Plaintiff's Complaint references the prolonged delay between his inquiry and the actions of the United States Attorney in providing the requested documents.

### 1. Claim Against The United States Attorney Is Moot

The elements of a FOIA claim are (1) improperly (2) withheld (3) agency records. Young v. Kietz, No. 114CV01471LJOSAB, 2014 WL 12576241, at *3 (E.D. Cal. Nov. 7, 2014). For specific FOIA requests, a complaint is moot if the agency has produced all requested records. Hajro v. U.S. Citizenship & Immigration Services, 811 F.3d 1086, 1103 (9th Cir. 2015) ("For specific FOIA request claims, after the agency produces all non-exempt documents and the court confirms the agency's proper invocation of an exemption, the specific FOIA claim is moot because the injury has been remedied."). Plaintiff does not contend that the United State Attorney

1  withheld any of the records he requested.  Plaintiff, in fact, acknowledges that he received a final
2  response to his FOIA request.  ECF No. 1 at 19-22, Ex. K.  Instead, Plaintiff's Complaint concerns
3  only the delay he experienced in receiving his requested documents.  The Court concludes
4  Plaintiff's claim against the United States Attorney is moot, despite the alleged time delay,
5  because the agency produced the records Plaintiff requested.

### 2.  FOIA Does Not Provide For Monetary Damages

Even if Plaintiff's claim were not moot, Defendant Haag correctly argues that "FOIA does not provide a private right of action for monetary damages, which the plaintiff appears to be seeking here."  ECF No. 66 at 6.  "There is no provision under FOIA which provides for an award of money damages for alleged wrongs by federal agencies."  Gasparutti v. United States, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998); see also O'Toole v. I.R.S., 52 Fed. Appx. 961, 962 (9th Cir. 2002) ("O'Toole failed to state a valid FOIA claim because he requested only monetary damages in this action, and the statute does not authorize such relief.  See 5 U.S.C. § 552(a)(4)(B).")  Plaintiff here seeks $600,000 in monetary damages, which are not recoverable by a FOIA claim.  ECF. No. 1 at 11.

### CONCLUSION

The Court grants the motion to dismiss as to Defendant Haag and as construed against the United States Attorney.  The Court also concludes that amendment would be futile because the Court lacks jurisdiction as to Defendant Haag, and Plaintiff's cannot state a claim against the United States Attorney.  Accordingly, the Court grants the motion with prejudice.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

The Clerk will close the file.

IT IS SO ORDERED.

Dated:  March 2, 2017

                                              JON S. TIGAR
                                              United States District Judge